SANTIAGO, PLAINTIFF AND APPELLEE, *v.* CLEMENTE ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the First District Court of San Juan in an Action of Debt.

No. 2803.—Decided March 5, 1923.

PLEADING—APPEAL—STRIKING OUT ALLEGATIONS.—Inasmuch as the allegations of the complaint must be admitted as true for the purposes of a demurrer on the ground of lack of sufficient facts, a party can not on appeal strike out certain allegations of the complaint on the pretext that they are conclusions of law in order to deduce that the complaint is insufficient, for the question of striking out such allegations should be raised in the trial court.

OBLIGATION—INSTALMENTS—MATURITY—BURDEN OF PROOF.—In an obligation payable in instalments the debtors may reduce the stipulated amount of the instalments on the condition that they prove that they had in stock at all times merchandise of the kind they dealt in, which was the security given to the creditor, sufficient to answer for the unpaid balance of the debt. It having been shown that the debtors discontinued payment of the instalments and never proved that they had in stock merchandise sufficient to answer for the balance of the debt, the burden of proof being on them and not on the creditor, it is necessary to conclude that the obligation matured and was actionable.

The facts are stated in the opinion.
*Mr. E. H. F. Dottin* for the appellants.

*Messrs. J. Martínez Dávila, E. Campillo* and *M. Tous Soto* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an action of debt.

The defendants signed an obligation in favor of the plaintiff, the pertinent part of which reads as follows:

"For $1,700.—We promise to pay to Angel Santiago or to his order the sum of one thousand seven hundred dollars in the manner and under the conditions following:

"We will pay to our creditor on each Monday, beginning on Monday the 21st of March, 1921, the sum of $100, American legal tender, until the extinction of the whole debt. If for any reason we should be unable to pay the whole sum of $100 of any instalment we will then pay our creditor such an amount as we can pay, showing that we are in possession of merchandise sufficient to secure the balance of the instalment and the balance of the debt, the said merchandise to be open to inspection by our creditor.

"We agree to pay the costs, expenses and attorney's fees in case of suit, provided that the said suit arises from our own act to the prejudice of our creditor and in violation of the conditions of this contract.

"To secure the faithful performance of this obligation and in addition to the merchandise referred to we pledge to our creditor our present and future property and especially the following real estate:

❊    ·    ❊    ❊    ❊    ❊    ❊    ❊

"The merchandise referred to in this document is understood to be a stock of charcoal in my possession, and in appraising the said stock in order to determine whether it is sufficient to cover the amount of the debt the appraisal shall be made in accordance with the cost price of the said charcoal."

The plaintiff alleges that in accordance with the said obligation the defendants paid three weekly instalments of $100 each and then, being unable to continue paying $100, they paid seven instalments of $50 each, all of the said sums so paid making a total of $650, leaving unpaid a net balance

of $1,050; that after failing to pay the full instalment of $100, the defendants never showed that they had in stock merchandise sufficient to cover the balance of the debt; that the said defendants have not paid in whole or in part the instalments corresponding to May 30 and June 6, 13 and 20, 1921, notwithstanding the demands made upon them by the plaintiff, and that upon inspecting the stock of merchandise of the defendants the plaintiff found that it was not sufficient to respond for the instalments due and the balance of the debt.

In their answer the defendants admitted that they signed the said obligation, but denied the other allegations of the complaint and alleged as matter of defense that they had paid three instalments of $100 each, eight instalments of $50 each and had also delivered to their creditor a gold watch and fob worth $100, leaving a balance of only $900, and that they had always been in the possession of property sufficient to secure the debt. In the same answer it is further alleged that the complaint does not state facts sufficient to constitute a cause of action.

The trial court sustained the complaint and the defendants took the present appeal.

The appellants assign as error: The overruling of the demurrer of failure to state a cause of action and the erroneous weighing of the evidence by the trial court.

We shall examine the assignments in that order.

The terms of the obligation copied into the complaint and the allegation that the defendants have not paid in whole or in part any of the instalments corresponding to May 30 and June 6, 13 and 20, 1921, and have refused to pay the said instalments on demand, are sufficient averments of a good cause of action in the complaint, at least as regards the instalments due and unpaid.

Likewise the 4th and 5th allegations of the complaint should be considered in harmony with the conditions stipu-

lated in the obligation. One of these conditions is that if for any reason the defendants should be unable to pay the whole sum of $100, then they would pay such an amount as they could pay, showing that they had in stock merchandise sufficient to secure the balance of the instalment and also the balance of the debt; and the plaintiff alleges as a question of fact that the defendants refused to perform the said condition, which so alleged is sufficient to support the complaint. Besides, inasmuch as the allegations of the complaint must be admitted as true for the purposes of the demurrer, the appellants can not isolate certain allegations, reject them and suppose their elimination in order to maintain that the rest of the complaint is insufficient, for the elimination of allegations is a question that should be raised in the trial court and can not be presented for the first time on appeal.

The second assignment refers to the weighing of the evidence.

The contract made by the parties in this case was for a loan by the plaintiff to the defendants on certain security. The defendants were engaged in the purchase and sale of charcoal and they pledged their stock in trade as security for the debt. The stock increased or diminished each week, according to the business, and it was the principal security not only for each instalment, but also for the whole debt. Payments on the debt had to be made each week. The evidence shows that the defendants paid the first three instalments of $100 each, then seven instalments of $50 each and after that made no payment. According to the agreement the defendants were under the obligation to pay to the plaintiff the sum of $100 weekly until the debt was totally extinguished. Provision was made for the event that for any reason they could not pay the stipulated amount of an instalment by permitting them to pay a less amount, provided

they showed that they had in stock merchandise sufficient to secure the balance of the instalment and also the balance of the debt. But under the contract the defendants could not absolutely discontinue payment of the instalments whatever the amount of merchandise they had in stock.

The case provided for in the contract for making payments of less than $100 had to be based on a just and reasonable ground, for example, a falling off in the usual amount of sales owing to the very nature of the business; but it was still an essential condition of the loan that the defendants were under the obligation to maintain a stock of charcoal whose value would be sufficient to answer for the due instalment and the balance of the debt, in accordance with the letter and spirit of the contract. The defendants, therefore, were bound to show at any time the condition of their business and that its volume was sufficient to secure the debt, and, that being the case, it was for them to perform that part of the agreement and to prove it at the trial, which they failed to do, the burden of proof on that point being on the defendants. See section 1182 of the Civil Code.

Furthermore, the act of the defendants in discontinuing the weekly payments without showing in any manner that their business was solvent, created a presumption *juris tantum* that by the act of the defendants themselves the security established by their stock of merchandise had diminished, and under such circumstances the defendants, in accordance with the provisions of section 1096 of the Civil Code, forfeited the term of payment of the pending instalments and, therefore, the total obligation became due.

It is well to make reference to that part of the answer wherein it is alleged that the debtors delivered to the plaintiff a watch and fob worth $100 in payment of one instalment, but the appellants themselves in their brief admit that they failed to prove this.

For the foregoing reasons the judgment of the court below must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.